ISAAC J. VANDERBECK

*v.*

GEORGE C. PERRY and others.

1. A demurrer to a bill was overruled. The complainant thereupon took an order to amend his bill, which order required the service of the amended bill on the defendant. That order was never served. The demurring defendant took no copy of the bill from the clerk's office. After the taking of that order, another order was taken by the complainant, stating the amendments and providing that the bill stand amended on the order. This order was duly served. Subsequently, on the death of another defendant, another order of amendment, by way of revivor, was taken. This order was served on the demurring defendant's solicitor. It contained a direction to answer in twenty days. No answer was at any time filed by the demurring defendant. A decree *pro confesso* was taken against him, after the expiration of the twenty days. On petition to open this decree,—*Held*, that the demurring defendant was bound by the statute to answer, without order to that effect, in forty days from the overruling of the demurrer, and that his duty in this respect was not affected by the existence of the first order which was never served.

2. It not appearing that the defendant has a meritorious defence, the misapprehension of his solicitor as to his duty to file an answer, is in itself no ground for relief.

Vanderbeck v. Perry.

Bill for relief. On petition to open decree and let in a defendant to answer.

Mr. J. B. Vredenburgh, for the petitioner.

Mr. F. McGee, contra.

The Chancellor.

The demurrers in this cause (which were general) were overruled, with costs, by order of the 24th of July, 1877. The order provided that the complainant have leave to amend by adding the names of Edwin Bisbee and his wife, as parties to the suit, " with such apt and proper words as should be necessary to charge them as defendants," and directed that the defendants plead, answer or demur to the bill so amended, within forty days after service of a copy thereof on their solicitors, if any, or, if none, upon the defendants. This order was never served. The defendant George C. Perry had not obtained a copy of the bill when the demurrer was overruled. In October, 1877, and after the expiration of the forty days within which the demurrants were bound, by the provision of the statute, to file their answers, the complainant (none of the defendants had answered) obtained an order providing for the same amendment as the former order, but specifically mentioning the words of the amendment and designating the places in which they were to be inserted in the bill. This order directed that a copy thereof should be served on the solicitors of each of the defendants who had appeared, and that such service should be considered a sufficient amendment of such defendants' copies of the bill, and that the original bill need not be re-engrossed, but might be amended by inserting the amendment therein by interlineation. The amendment was made. A copy of the last-mentioned order was served on the solicitors of the defendant George C. Perry, the petitioner, on the 25th of October, 1877. On the 8th of April, 1878, another order was made in the cause, reciting the mak-

ing of the order last mentioned; that it appeared that Bisbee had died before the beginning of the suit, leaving a widow and children; that the fact of his death did not come to the complainant's knowledge until after the making of the last-mentioned order, and that the only pleadings which had been filed in the cause, up to that time, were the demurrers which had been overruled, and directing that the bill be amended by making the widow and children defendants. It specifically stated the amendments as in the order of October, 1877, and gave the same direction as to the manner of amending the bill on file, and the copies thereof of the defendants who had appeared. It further directed that the defendants plead, answer or demur to the amended bill in twenty days after service of a copy of the order on their respective solicitors. A copy of this order was duly served on the solicitors of the petitioner, on the 9th of April, 1878. He never, at any time, pleaded or answered, nor did he again demur. On the 8th of May, 1878, twenty-nine days after the service of the order of April on the solicitors of the petitioner, a decree *pro confesso* was made against him in the cause. By that order leave was given to the complainant to adduce proofs to substantiate the allegations of his bill, and bring on the hearing of the cause *ex parte* as to the defendants against whom the bill was taken as confessed. Proofs were taken accordingly, and a final decree was made on the 4th of June, 1878, according the relief prayed by the bill.

In August, 1878, George C. Perry filed his petition, praying that the final decree may be opened, and that he may be let in to answer. It does not allege that he has a meritorious defence. Indeed, he does not state what his defence is, but rests his application on the claim that the proceedings are irregular as to him. It is urged in his behalf that, although he would, if the order of overruling the demurrer had contained no direction as to answering, have been bound to plead within forty days from the time of filing the order, without service of the order or notice of any kind,

Vanderbeck *v.* Perry.

yet that, since it by its terms provided for the amendment of the bill and required the defendant to plead in forty days after service of a copy of the amended bill, he was not bound to answer the bill at all until after such service, and was entitled to forty days after such service to file his answer. But that provision had reference only to the amended bill, and he was bound under the statute to answer the original bill, without order to answer or notice, and was bound to file his answer thereto in forty days from the time of filing the order overruling the demurrer (*Rev. Chancery,* § 25). An order to amend operates only from the time of service. *Price* v. *Webb,* 2 *Hare* 515. The order to amend was, therefore, inoperative as to him, for it was never served. The obligation of the petitioner to answer the original bill was not affected by it. The order of October, 1877, was served. It directed that the amendment be made, and that service of a copy of that order on the solicitor of the defendants should be regarded as an amendment of the defendants' copies of the bill. The petitioner had taken no copy of the bill up to the time of service of a copy of that order. The amendments in fact, it may be remarked, required no answer from him. They were merely the addition of parties whose connection with the subject of the suit was set out in the original bill, but who had not been made parties thereto, on the supposition that they had no interest in the controversy. *Vanderbeck* v. *Perry,* 1 *Stew.* 367. The amendments introduced no new fact, and in nowise affected the merits of the case. On the 8th of April, 1878, the complainant again amended the bill by making the widow and children of Bisbee parties. The order directing this amendment required the defendant to answer in twenty days after service of a copy thereof. A copy was duly served on the petitioner's solicitors, but, as before stated, he did not answer within the time limited, nor at all. The petitioner has no claim to relief on the ground of irregularity of the proceedings. If his application be considered on the ground of misapprehension on the part of his solicitor of his obli-

gation to answer, under the circumstances it is enough to say he shows no merits, but merely says that he has a defence.    His application is in fact presented by his petition on the ground of irregularity in the proceedings alone, and on that he has no standing.

The petition will be dismissed.